**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HENRY A. PICARD**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-439-L** |
| | § | |
| **CHASE HOME FINANCE, LLC**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Chase Home Finance LLC's Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for More Definite Statement, filed March 10, 2011. After carefully reviewing the motion, briefing, pleadings, and applicable law, the court **grants in part and denies in part** Chase Home Finance LLC's Motion to Dismiss for Failure to State a Claim, and **denies as moot** its Motion for More Definite Statement.

**I.      Factual and Procedural Background**

Henry A. Picard ("Picard") brought this lawsuit against his home insurer, Chase Home Finance, LLC ("Defendant" or "Chase"), alleging claims for conversion, breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of the duty of good faith and fair dealing, and unjust enrichment. Picard also seeks an accounting and a declaratory judgment. Picard's claims are predicated in part on a Home Mortgage Loan (#0035173095) (referred to hereafter as "Home Loan") between Picard and Chase's predecessor Washington Mutual Bank ("Washington Mutual"). The Home Loan was not attached to Picard's Original Petition (the "Petition").

The case was originally filed in the 298th Judicial District Court of Dallas County, Texas on February 7, 2011, before being removed to this court on March 3, 2011, based on diversity jurisdiction. Both parties appear to acknowledge that Picard's claims are governed by Texas law. According to the Petition, Picard's claims arise out of a mediated settlement of a prior lawsuit that Picard brought against Liberty Lloyds of Texas Insurance Company ("Liberty") for denial of an insurance claim presented for storm damage sustained to his home in 2008. This lawsuit was settled on November 2, 2010. As a result of that settlement, Liberty provided Picard with a check for $65,000, which was made payable to "The Stafford Law Firm & Henry Picard & Washington Mutual Bank FA."

Picard presented the check to Chase for endorsement, together with a copy of the Compromise Settlement Agreement and Release, which was apparently entered in conjunction with the settlement of the prior lawsuit. Instead of releasing the entire $65,000, Chase agreed to release the funds in incremental amounts until repairs to Picard's home were completed. Chase made an initial disbursement to Picard in the amount of $21,666.67 on November 26, 2010. After Picard complained and accused Chase of wrongfully withholding the settlement proceeds, Chase issued another check to Picard in the amount of $22,141.90 on December 3, 2010. Picard filed suit shortly thereafter. In its Motion to Dismiss for Failure to State a Claim, Defendant seeks the dismissal of all of Picard's claims. Attached to Defendant's motion to dismiss is a copy of a Deed of Trust between Picard and Washington Mutual that references Picard's Home Loan and contains a provision that applies to property insurance and "insurance proceeds." Defendant requests in the alternative that Picard be required to replead his claims.

## II.     Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.     Analysis

### A.     Breach of Contract

Defendant contends that Picard's contract claim is based on the parties' Home Loan but Picard has failed to allege any breach of that written agreement.  According to Defendant, Picard instead has pled a breach of an oral agreement to distribute insurance proceeds, and any such oral agreement constitutes an improper modification of the Home Loan.  Defendant further contends that any alleged oral agreement is unenforceable under the applicable statute of frauds, which Defendant asserts is section 26.02 of the Texas Business and Commercial Code, applicable to loan agreements.

**Memorandum Opinion and Order – Page 4**

It is unclear from Picard's pleadings whether his contract claim is based on his Home Loan or some other contract.  If it is based on his Home Loan, which is a written agreement, the statute of frauds is inapplicable.  Whether Defendant's withholding and failure to turn over the settlement proceeds from Picard's lawsuit against his insurer constitutes a breach of the terms of Picard's Home Loan is subject to debate and not an issue that is appropriate for disposition at this early juncture.

On the other hand, if Picard's contract claim is based on an oral agreement by Chase to distribute the settlement proceeds, the statute of frauds still does not apply because it is not premised on a loan agreement but instead on the disbursement of settlement proceeds.  Tex. Bus. & Com. Code Ann. § 26.01 (West 2009).  As a result, section 26.02 is inapplicable.  Section 26.01 is likewise inapplicable because none of the agreements listed in that section refers to an agreement to pay settlement proceeds.  § 26.02.  Whether such an agreement amounted to an improper modification of the Home Loan agreement is not the proper subject for a motion to dismiss and, if raised, will be addressed in a future motion for summary judgment.  The court, nevertheless, determines that Picard's pleadings are not sufficient to put Defendant on notice of the grounds on which his contract claim rests.  Accordingly, he should be required to plead with more specificity whether his contract claim is based on his Home Loan, an oral agreement, or some other agreement.

### B.       Breach of the Duty of Good Faith and Fair Dealing

Defendant asserts that Picard's claim for breach of the duty of good faith and fair dealing should be dismissed because absent a special relationship, which Defendant says does not exist here, there is no general duty in Texas of good faith and fair dealing in all contracts.  Defendant correctly notes that the Texas Supreme Court has held that not every contractual relationship creates a duty of good faith and fair dealing and has "specifically rejected the implication of a general duty of good

faith and fair dealing in all contracts." *Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 418 (Tex. 1995)*; Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp*., 823 S.W.2d 591, 595 n.5 (Tex. 1992). Defendant goes on to argue that Picard's claim should be dismissed because the Texas Supreme Court has held that a mortgagee owes no duty of good faith and fair dealing to a homeowner who seeks the release of insurance proceeds. Picard counters that he is not seeking the release of insurance proceeds. Instead, he seeks money paid by his insurer to settle the prior lawsuit, which he contends is not insurance proceeds.

The court has been unable to locate any case that has applied the duty of good faith and fair dealing in the context of a contract between a mortgager and mortgagee with regard to the release of settlement proceeds. As the claim that Picard seeks to assert has not been recognized by Texas law, he fails to state a claim for breach of the duty of good faith and fair dealing under Texas law. Because this defect is not curable via amendment, the court determines that Defendant's motion to dismiss this claim should be granted.

### C.     Unjust Enrichment

Defendant contends Picard cannot recover for unjust enrichment because he alleges the existence of a valid, express contract covering the subject matter at dispute. The court disagrees.

The doctrine of unjust enrichment applies to disputes where there is no actual contract and "characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to repay." *Walker v. Cotter Props., Inc*., 181 S.W.3d 895, 900 (Tex. App.— Dallas 2006, no pet.). The doctrine is "based on the equitable principle that one who receives benefits that would be unjust for him or her to retain ought to make restitution." *Argyle Indep. Sch. Dist. v. Wolf*, 234 S.W.3d 229,

247 (Tex. App.— Fort Worth 2007, no pet.).  "To recover under an unjust enrichment theory, the benefits to the other party must be actually unjust under the principles of equity."  *Id.*  While it is true that "[g]enerally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory," there are exceptions to this rule as noted by the court in *Fortune Production Company v. Conoco, Inc*., 52 S.W.3d 671, 684 (Tex. 2000), relied on by Defendant.  The existence of a valid contract does not preclude, for example, restitution for overpayments under a valid contract or excess money held by a defendant after selling the plaintiffs' cotton harvester pursuant to an oral agreement.  *See Southwestern Elec. Power Co. v. Burlington Northern R.R. Co.*, 966 S.W.2d 467, 469-70 (Tex. 1998).

At the heart of the dispute in this case is whether the payment by Picard's insurer constitutes "settlement proceeds" from the prior lawsuit or "insurance proceeds."  According to Picard, the payment constitutes settlement proceeds that are wholly unrelated to the estimated cost of repairing his home because the payment includes reimbursement for attorney's fees and costs, and extra-contractual claims arising out of the prior lawsuit.  The Petition states that the $65,000 was for "the estimated cost to repair [his] home, extra-contractual claims, attorney fees and costs."  Compl. ¶ 13.  Accepting Picard's pleadings as true, his unjust enrichment claim is based in part on subject matter not covered by the Home Loan.  Even if based on the loan agreement, the court considers the unjust enrichment claim to be an alternate claim, which is permitted by Rule 8 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(d)(2); *see also Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 704 (S.D. Tex. 2011) (concluding that quantum meruit and unjust enrichment claims under Texas law may be stated in the alternative to a breach of contract claim).  Accordingly, Defendant is not entitled to dismissal of Picard's unjust enrichment claim at this time.

**Memorandum Opinion and Order – Page 7**

### D.    Declaratory Judgment

Defendant contends that Picard's claim for declaratory judgment should be dismissed because declaratory relief is not appropriate when, as here, Plaintiff's cause of action has fully matured and invokes a present remedy at law.   Defendant further contends that dismissal is appropriate because the factual allegations supporting Picard's request for declaratory relief are almost identical to those alleged in support of his DTPA claim.   The court disagrees.

Rule 57 of the Federal Rules of Civil Procedure expressly states that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57; *see also MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009) (noting that Texas follows the same rule).   Furthermore, the Texas Declaratory Judgment Act specifically states that relief is available in contract cases "*before or after* there has been a breach."   *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 37.004(b)).   The court determines that Picard has alleged sufficient facts to state a claim for relief under the Texas Declaratory Judgment Act that is plausible on its face to the extent he seeks to obtain a declaration of the parties' rights, status, or other legal relations under the Home Loan at issue.

### E.    DTPA Claim

Defendant asserts that Picard's DTPA claim should be dismissed because he is not a "consumer."   Defendant relies on *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 173-74 (Tex. 1980), for the proposition that a claimant who only sought to borrower money is not a consumer for purposes of the DTPA.   Defendant further contends that Picard's DTPA claim is barred by the statute of frauds.

With regard to the first contention, the court disagrees that Picard's DTPA claim is based on the borrowing of money from Defendant.  Rather, as explained above, the Petition and claims against Defendant is premised on Defendant's wrongful withholding of settlement proceeds from Picard's prior lawsuit against his insurer.  Additionally, because it appears from Picard's pleadings that he is seeking both contractual and extra-contractual relief, dismissal based on Defendant's statute of frauds defense is not appropriate.

### F.       Conversion

Defendant contends that because Picard's conversion claim is based on the breach of an oral promise, it is barred by the statute of limitations.  Defendant also maintains that the conversion claim should be dismissed because it is the same as Picard's contract claim and therefore barred by the independent injury rule.

To establish a claim for conversion, a plaintiff must set forth allegations showing: (1) he owned or had possession of the property or was entitled to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) he demanded return of the property; and (4) the defendant refused to return the property. *Burns v. Rochon,* 190 S.W.3d 263, 268 (Tex. App.—Houston [1st Dist.] 2006, no pet.).   Picard alleges in the Petition that he was entitled to the settlement proceeds from the lawsuit against his insurer, that Defendant wrongfully and without authorization withheld this money, and that Defendant refused to turn over the money, despite his verbal and written demands.  The court therefore concludes that Picard's pleadings state a claim for conversion.  This, however, does not end the court's analysis.

Picard's factual allegations with regard to his conversion claim do not mention the Home Loan agreement. Thus, contrary to Defendant's assertion, it appears based on these allegations alone that Picard's conversion claim is separate and distinct from his contract claim. The Petition, however, indicates that Picard's contract claim is based on breach of the loan agreement: (1) "by conversion of Picard's property," (2) fraud and misrepresentations pertaining to Chase's policies, procedures, acts, and omissions," and (3) "breach of the duty of good faith and fair dealing." For the reasons already explained, Defendant is entitled to dismissal of Picard's claim for breach of the duty of good faith and fair dealing. As a result, this cannot serve as a basis for Picard's breach of contract claim. Likewise, under Texas' independent injury rule, Picard's breach of contract claim cannot be predicated on his conversion claim or vice versa. While "a legal duty generally exists in tort for one party not to convert the property of another party, which is separate and apart from any contractual relationship between the parties," if a contract exists between the parties regarding the matter in dispute, then the agreement, not the common-law tort principles, governs the dispute. *Exxon Mobil Corp. v. Kinder Morgan Operating L.P. "A"*, 192 S.W.3d 120, 128 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

In Texas, the contractual relationship of the parties may create duties under both tort and contract law, and, depending upon the circumstances, a party's conduct may breach duties in tort or contract alone or simultaneously in both. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). The Texas Supreme Court created an exception to the independent injury rule in fraudulent inducement cases. *See Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). The court, however, has found no case that has extended this exception to conversion claims or tort claims other than fraud.

**Memorandum Opinion and Order – Page 10**

### IV.    Amendment of Pleadings

Picard has not requested leave to amend his pleadings.  The court, nevertheless, determines that, except as otherwise noted, the defects with regard to Picard's contract and conversion are not incurable.  Because Picard has not previously amended his pleadings, he should be given the opportunity to replead facts supporting his contract and conversion claims.  *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).   Accordingly, the court **denies without prejudice** Defendant's motion to dismiss Picard's contract and conversion claim and **directs** Picard to file an amended pleading that addresses the defects identified **by November 17, 2011.**  If the pleading deficiencies are not cured by that date, Defendant may reurge its motion to dismiss.

### V.    Motion for More Definite Statement Pursuant to Rule 12(e)

Defendant contends that if its motion to dismiss is denied, Picard should be required to replead.  Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendant asserts that in preparing a responsive pleading, it should not be forced to guess at the facts giving rise to the causes of action pleaded by Picard and the specific duties and obligations allegedly violated by Defendant.  In light of the court's rulings herein, the motion for more definite statement is moot and will be so denied.

### VI.    Conclusion

For the reasons herein stated, the court **grants** Chase Home Finance LLC's Motion to Dismiss for Failure to State a Claim with regard to Picard's claim for breach of the duty of good faith and fair dealing but otherwise **denies** it in all other respects; **denies as moot** Chase Home

**Memorandum Opinion and Order – Page 11**

Finance LLC's Motion for More Definite Statement; and **orders** Plaintiff to file an amended pleading by **November 17, 2011.**

      **It is so ordered** this 3rd day of November, 2011.

<em>Sam A. Lindsay</em>

Sam A. Lindsay<br>
United States District Judge

**Memorandum Opinion and Order – Page 12**